**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAVID KROWNER,

    Defendant - Appellant.

No. 20-2175
(D.C. No. 1:16-CR-02943-JAP-1)
(D. N.M.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **HARTZ**, **KELLY**, and **CARSON**, Circuit Judges.
———————————————————

David Krowner appeals the denial of his motion under 18 U.S.C.

§ 3582(c)(1)(A) for compassionate release. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

## I.     BACKGROUND

During a traffic stop in June 2016, law-enforcement agents searched Mr.

Krowner's vehicle and found a wide array of narcotics and firearms, including 20.7

kilograms of methamphetamine, 1.8 kilograms of heroin, three loaded firearms, and

hundreds of rounds of ammunition. Agents also discovered approximately $21,750 in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States currency in the trunk of Mr. Krowner's vehicle and $4,500 on his person. At the time of the traffic stop, Mr. Krowner had previously been convicted of delivery of a controlled substance and armed robbery.

Mr. Krowner was indicted in the United States District Court for the District of New Mexico on two counts of possession with intent to distribute a controlled substance, one count of possession of a firearm and ammunition by a convicted felon, and one count of possession of a firearm in furtherance of a drug-trafficking crime. He reached an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) to plead guilty to an information charging possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, *see* 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug-trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). Although Mr. Krowner faced a guideline sentencing range of 228 to 270 months' imprisonment, the parties stipulated to a 144-month sentence. In July 2017 the court approved the plea agreement and imposed the stipulated sentence.

Mr. Krowner filed his motion for compassionate release in July 2020, also requesting in the alternative that he be permitted to serve the remainder of his sentence in home confinement. The motion claimed that his health had seriously deteriorated since being incarcerated and that he "suffer[ed] from uncontrolled diabetes, large sac disc herniation resulting in cervical myelopathy, severe spinal cord compression, and severe progressive Myelomalacia change in the spinal cord, thrombocytopenia, anemia, massive splenomegaly, Gilbert's syndrome, cholestatic

jaundice syndrome, hypothyroidism, possible hemolytic anemia, possible myeloproliferative conditions, possible leukemias and lymphomas, possible stroke/Bell's palsy." R., Vol. II at 12–13. Mr. Krowner argued that his illnesses posed a serious threat to his health—especially in light of the COVID-19 pandemic—and that they constituted a debilitating medical condition in the aggregate, noting that he required the assistance of a medical helper to walk and fulfill his basic needs. Based on his physical condition and his behavior while incarcerated, Mr. Krowner asserted that he was not a danger to the community. At the time Mr. Krowner filed his motion, he had served just over 36 months of his 144-month sentence.

The government opposed Mr. Krowner's motion, though it did not dispute that he had set forth extraordinary and compelling circumstances warranting a sentence reduction. Instead, the government argued that the 18 U.S.C. § 3553(a) sentencing factors weighed against early release, largely because Mr. Krowner had failed to show that he was no longer a danger to the community.

The district court denied Mr. Krowner's motion for compassionate release. It found that Mr. Krowner had most of his medical conditions at the time that he committed his crimes in 2016, so "the existence of these medical conditions cannot support his argument that he is no longer a danger to society." R., Vol. I at 74. With respect to Mr. Krowner's new medical conditions, the court determined that Mr. Krowner had not shown that they were "completely incapacitating or permanently disabling." *Id.* The court also noted Mr. Krowner's underlying crime—a serious drug offense while in possession of firearms—and that Mr. Krowner had benefitted from a

significantly reduced sentence as compared to his guideline range, so early release would create a significant sentencing disparity between him and similarly situated defendants. The court reasoned that all the other sentencing factors under 18 U.S.C. § 3553(a) weighed against a sentence reduction. Finally, the court found that Mr. Krowner had not provided sufficient evidence of an adequate reentry plan showing his living conditions if granted home confinement.

On appeal Mr. Krowner presents several arguments that the district court abused its discretion in denying compassionate release. We are not persuaded.

## II.    DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), a defendant's motion for compassionate release may be granted if (1) the district court finds that extraordinary and compelling reasons warrant a sentence reduction; (2) the court finds that the reduction is consistent with applicable policy statements issued by the Sentencing Commission (though there is no applicable policy statement at this time); and (3) the court determines, after considering the relevant sentencing factors under § 3553(a), that a reduction is warranted. *See United States v. Hald*, 8 F.4th 932, 937–38 & n.4 (10th Cir. 2021). A district court may properly deny a compassionate-release motion when any one of these three requirements is lacking and need not resolve the other two. *See id.* at 936–37.

We review for abuse of discretion a district court's denial of a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its

4

discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact," *id.* (internal quotation marks omitted), or otherwise "makes a clear error of judgment" or "exceeds the bounds of permissible choice," *United States v. Mobley*, 971 F.3d 1187, 1195 (10th Cir. 2020) (internal quotation marks omitted).

Mr. Krowner's first two arguments on appeal are directed at step one, the "extraordinary and compelling reasons" requirement. *See* Aplt. Br. at 16 ("The district court abused its discretion when it determined that Mr. Krowner could not be released because he had some medical conditions that existed when he committed the alleged crimes."); *id.* at 20 ("The district court abused its discretion when it determined that Mr. Krowner's new medical conditions were not extraordinary and compelling reasons for his release."). But the government conceded "that Krowner set forth extraordinary and compelling medical conditions," Aplee. Br. at 11, and the district court did not deny relief on this ground. Rather, it denied relief based on a consideration of the applicable § 3553(a) factors.

Next, Mr. Krowner argues that the district court abused its discretion in failing to adequately explain and analyze the § 3553(a) sentencing factors. The judge who denied his compassionate-release motion was the same judge who imposed the original sentence. Since there is no challenge to the original sentence, it is enough if the district court explained why the new circumstances raised by the defendant did not warrant a sentence reduction. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966–67 (2018) (noting that sentence imposed on resentencing was unsurprising in light of sentence originally imposed by same judge and that there was not much for

5

judge to add as explanation); *see also United States v. Wilson*, No. 20-1324, 2021 WL 4859690, at *4 (10th Cir. Oct. 19, 2021) (unpublished) (noting that the judge who ordered the defendant's original sentence also denied his compassionate-release motion and inferring "that the district court's view of the § 3553 factors had not changed by the time of [the defendant's] motion for compassionate release" (internal quotation marks omitted)).

Mr. Krowner's motion presented little argument that related to the § 3553(a) factors, focusing on (1) his lack of danger to the community and (2) his history and characteristics (namely, his risk of severe illness or death). The district court was aware of most of Mr. Krowner's medical conditions when it imposed the original sentence. Therefore, the court's main task was to decide whether Mr. Krowner's new conditions justified a sentence reduction. The court reasonably determined and adequately explained that Mr. Krowner had not demonstrated how his new ailments—"Bell's palsy and cervical (neck problems)," R., Vol. I at 74—would make it less likely that he would continue to engage in drug trafficking and the use of firearms. *See United States v. Carralero-Escobar*, 860 F. App'x 143, 147 (10th Cir. 2021) ("even a sick and feeble person can pose a serious risk with a firearm"); *see also* 18 U.S.C. § 3553(a)(2)(A), (C) (instructing courts to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," and "to protect the public from further crimes of the defendant"). Moreover, the district court explained that in light of Mr. Krowner's "significantly reduced" original sentence, early release would

"create a great disparity between [Mr. Krowner] and similarly situated defendants." Order at 2; *see also* 18 U.S.C. § 3553(a)(6) (listing as a sentencing factor "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Finally, the district court's order states that "[t]he Court has considered *all other factors* under 18 U.S.C. § 3553(a) which also weigh against a sentence reduction." R., Vol. I at 74 (emphasis added). We discern no abuse of discretion in the district court's § 3553(a) analysis.

Mr. Krowner also claims that the district court abused its discretion by finding that he did not provide sufficient evidence of an acceptable reentry plan. The district court could properly deny the compassionate-release motion based on its assessment of the applicable § 3553(a) factors—that is, at step three—so the comment regarding Mr. Krowner's reentry plan was immaterial. The lone case that Mr. Krowner cites in his opening brief in support of his argument is readily distinguishable because the district court there addressed the government's concerns about the defendant's reentry plan *after* finding that compassionate release was otherwise warranted. *See United States v. Davies*, 469 F. Supp. 3d 175, 179–80 (S.D.N.Y. 2020). In any event, given Mr. Krowner's acknowledgment that he had little contact with his family before his incarceration and that the family member with whom he would reside had physical limitations, it was within the district court's discretion to demand a reentry plan that contained more detail than simple assurances from Mr. Krowner's family that he could live with them and that he would have access to nearby medical services.

7

Finally, Mr. Krowner raises an argument in his reply brief that the district court denied his compassionate-release motion on the independent basis that Mr. Krowner was a danger to society, and that in doing so the court impermissibly relied upon—or otherwise felt itself constrained by—a policy statement issued by the Sentencing Commission that is inapplicable to defendant-filed compassionate-release motions. The policy statement in question asks the court to determine whether the defendant is "a danger to the safety of any other person or to the community." USSG § 1B1.13. But this argument was waived because it was not raised below or in Mr. Krowner's opening brief. *See United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019) ("Ordinarily, a party's failure to address an issue in its opening brief results in that issue being deemed waived."). Regardless, the district court clearly decided that a reduced sentence could not be justified after consideration of the § 3553(a) factors.

## III.    CONCLUSION

We **AFFIRM** the district court's denial of Mr. Krowner's motion for compassionate release.

Entered for the Court

Harris L Hartz
Circuit Judge

8